IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOSE GONZALEZ,** on behalf of himself, and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| **THE BRICKMAN GROUP LTD LLC,** | ) ) |
| Defendant. | ) ) ) |

**N<u>o.</u>** 14 cv

Honorable Judge

Magistrate Judge

***JURY DEMAND***

## COMPLAINT

NOW COMES Plaintiff, **JOSE GONZALEZ,** on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys JOHN W. BILLHORN and MEGHAN A. VANLEUWEN, and for his Complaint against Defendant, **THE BRICKMAN GROUP LTD LLC,** states as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1, *et seq*.

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq*., and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship Plaintiff performed work

in this district and is a resident of this district and Defendant is or was engaged in business in this district.

### III.  THE PARTIES

3.  Defendant, **THE BRICKMAN GROUP LTD LLC,** provides landscaping and maintenance services.  As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA.  During all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.  Plaintiff, **JOSE GONZALEZ,** (hereinafter "the named Plaintiff"), is a former employee who has performed work for Defendant as a seasonal landscaping and maintenance crew leader and laborer in addition to performing snow removal duties for Defendant during the winter months.  All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants as described above.  As an employee performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

5.  The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

6.  The non-compliant practices as alleged herein were part of a practice and policy implemented and maintained by Defendant and are common to a group or "class" of past and present employees.  Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

### IV.  STATUTORY VIOLATIONS

#### Collective Action Under The Fair Labor Standards Act

7.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply

with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

8. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

### Illinois Wage Payment and Collection Act

9. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count V of this action is brought by the Plaintiff to recover unpaid back wages earned on or after the date five (5) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

10. Plaintiff at all times pertinent to the cause of action was employed by Defendant, said employment being integral and indispensable to Defendant's business.

11. Defendant employed the Plaintiff on a "fluctuating work week" salary basis when, in fact, the prerequisites for this type of salary, as established by the FLSA, were not met. The Plaintiff's work weeks did not adequately fluctuate above and below forty (40) hours but instead were consistently above forty (40) hours.

12. Certain employees, including the Plaintiff named herein and other Plaintiffs known and unknown, would be required to work more than 40 hours in a workweek, but Plaintiff's work hours would be compiled and paid for off of or from more than one of the various corporate payrolls of the Defendant named, thereby avoiding the one and one half premium payment as required by the state and federal statutes relied upon herein for work in excess of forty (40) hours in a workweek,

13. At certain times during certain work weeks when work performed was over 40 hours, the minimum wage rate may have fallen below the statutory state and/or federal minimum wage rates required by law.

14. The named Plaintiff, and those similarly situated, worked in excess of forty hours per week. The unpaid time as described above would have been compensated at time and one-half the workers' regular hourly rates because if the unpaid time was properly treated as compensable, the workers would have worked over 40 hours in particular workweeks.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-14. Paragraphs 1 through 14 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 14 of this Count I.

15. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week, during the two (2) years preceding the filing of this action.

16. Defendant has at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-16. Paragraphs 1 through 16 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 16 of Count II.

17. Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policy and practice at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policy and practice were in violation of those statutes.

18. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in any given week, in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-18. Paragraphs 1 through 18 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 18 of Count III.

19. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds.

20. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-20. Paragraphs 1 through 20 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 20 of this Count IV.

21. As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

22. During a portion or all of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

23. Defendant's failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and is determined to be in full compliance with the law;

(d) directing Defendant to pay to Plaintiff reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-23. Paragraphs 1 through 23 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 23 of this Count V.

24. The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties . . . ." Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses . . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties."

25. At all times relevant there existed an agreement between Plaintiff, as well as members of the Plaintiff class, with Defendant that Defendant would comply in all respects with pertinent state and federal wage and hour law. Defendant has breached that agreement in that Defendant's compensation policies violate wage and hour provisions of both state and federal law.

26. The Illinois Wage Payment and Collection Act, Section 4, provides that every employer shall pay "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

27. The Illinois Wage Payment and Collection Act, Section 5, provides that "[e]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

28. Defendant's acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned wages to Plaintiff and the Plaintiff class, constitute a violation of the Illinois Wage Payment and Collection Act.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time as it is assured that Defendant has remedied the compensation policies and practices complained of herein and is determined to be in full compliance with the law;

      (d)    directing Defendant to pay to Plaintiff reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

      (e)    for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

***Electronically Filed 7/31/2014***

/s/ John W. Billhorn
John William Billhorn

BILLHORN LAW FIRM
120 S. State Street, Suite 400
Chicago, IL 60603
(312) 853-1450

Meghan Vanleuwen
FARMWORKER AND LANDSCAPER
ADVOCACY PROJECT
33 N. LaSalle Street, Suite 1800
Chicago, IL 60602
(312) 853-1450

Attorneys for Plaintiff, and all other Plaintiffs similarly situated known or unknown.